IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT TITUS | § | |
| on behalf of himself, | § | NO: |
| individually and ALL OTHERS | § | |
| SIMILARLY SITUATED | § | |
| Plaintiff, | § | |
| v. | § | JURY DEMANDED |
| | § | |
| PRECISION RESOURCE COMPANY, | § | |
| and POLARIS ENGINEERING | § | |
| INC. | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, PLAINTIFF SCOTT TITUS, on behalf of himself individually and all others similarly situated, (hereinafter referred to as "Plaintiff") and complains of Defendants PRECISION RESOURCE COMPANY and POLARIS ENGINEERING INC. (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

**INTRODUCTION**

1. This is a collective action suit to recover unpaid overtime wages. Plaintiff's claims and those of putative class members are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful

failure to pay overtime wages and compensation for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b). Plaintiff SCOTT TITUS files this complaint individually, and on behalf of all others similarly situated, in the course of their employment with the Defendant.

3. SCOTT TITUS and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

5. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. Plaintiff SCOTT TITUS, on behalf of himself individually and the Plaintiff class, brings this action to recover unpaid overtime wages and compensation earned but not paid, by the Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

7. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## PARTIES

9. Plaintiff, SCOTT TITUS, is a resident of Houston, Texas.

10. Members of the "Putative Class" are current and former employees of Defendant who work, or have worked, for Defendant as "Civil Designer"/ "Structural Designer", whose job duties included designing modifications for oil refineries and chemical plants and to ensure the integrity of the designs. Furthermore, the Civil Designer / Structural Designer made 3D Models out of engineering drawings.

11. Putative class members, like Plaintiff, were not paid overtime for hours worked past forty (40) hours per week for Defendant. Plaintiff and putative class members were also not compensated for off-the-clock work performed at the direction, benefit and required by Defendants. Plaintiff and similarly situated employees were also denied per diem pay in violation of 5 U.S. Code § 5702.

12. Defendant PRECISION RESOURCES COMPANY can be served with summons by serving its Registered Agent National Corporate Research, Ltd., at 1601 Elm Street, Suite 4369, Dallas, Texas 75201.

13. Defendant POLARIS ENGINEERING INC. can be served with process by serving its Registered Agent, Joseph R. Pousson, Jr., at 1123 Pithon Street, Lake Charles, LA 70601.

14. Additionally, under 29 C.F.R. 791.2(b)(1)(3), when the "employers are not completely disassociated with respect to the employment of particular employees, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by or is under common control with the other employer," a joint employment relationship exists. Here, defendant are "joint employers". 29 C.F.R.791.2(b)(1)(2)

15. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' Officers, Directors, Vice-Principals, Agents, Servants, Parent Company, Subsidiaries or Employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' Officers, Directors, Vice-Principals, Agents, Servants, Parent Company, Subsidiaries or Employees.

16. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

17. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

18. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

19. At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20. Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## CLASS ALLEGATIONS

21. Plaintiff SCOTT TITUS, files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

22. The class that Plaintiff SCOTT TITUS, seeks to represent may be described as follows:

> **All current and former employees of Defendants who worked as "Civil Designer" and/or "Structural Designer", and was not compensated at time and a half for hours worked above forty each workweek and who were not compensated for off-the-clock work performed, in violation of 29 U.S.C. 201 et. seq.**

23. Plaintiff, SCOTT TITUS, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff SCOTT TITUS, as

required by 29 U.S.C. § 216(b).

24. Those persons who choose to opt in, referred to as the "Putative class members", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

25. Plaintiff SCOTT TITUS contends that this action is appropriate for collective action status because Defendants herein have acted in the same manner with regard to all members of the putative class.

## FACTS

26. At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et. seq.

27. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

28. Defendants employed Plaintiff SCOTT TITUS from approximately December 1, 2014 to May 2015. Plaintiff worked as a Structural Designer whose job was to make 3D models out of engineering drawings.

29. During his employment and in the routine performance of day-to-day job duties, Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendant's management required the performance of those non-exempted job duties, as a condition of her continued employment.

30. During Plaintiff SCOTT TITUS' employment, he and similarly situated

employees were not independent contractors.

31. Plaintiff and similarly situated employees were given daily instructions by Defendant Polaris Engineering Inc..

32. Polaris Engineering Inc. provided Plaintiff and similarly situated employees all of the equipment and tools necessary for the performance of their job duties.

33. Plaintiff and similarly situated employees did not have a financial stake in the outcome of work performed for Defendants.

34. Plaintiff and similarly situated employees were paid via pay check and did not submit invoices to defendants for payment.

35. Plaintiff and similarly situated employees did not own their own business.

36. Plaintiff and similarly situated employees worked exclusively for defendants and did not bill defendants for their services.

37. Plaintiff was paid an hourly rate and was therefore not a salaried employee.

38. Plaintiff and similarly situated employees were non-exempt employees, as no lawful exemption excused defendant from paying them at a rate of time and a half for all hours worked above forty in a given week.

39. Plaintiff's regular workweek schedule was 7:00AM to and 6:00PM Monday through Sunday.

40. Plaintiff was required to work eleven hours per day, seven days per week for a total of 77 hours per week on average.

41. Although Plaintiff worked 77 hours per week, he was not paid overtime for hours worked past (40) hours a week.

42. Plaintiff was required to work past (40) hours each week at his regular rate of

$55 per hour instead of the overtime rate of $82.50 per hour.

42. Further, during these hours worked, Plaintiff performed the function of his job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendant's management required it, as a condition of Plaintiff's continued employment.

43. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" and "off-the-clock" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

44. Defendant failed to pay statutory overtime as required by 29 U.S.C. § 201 *et seq.*

**FIRST CLAIM FOR RELIEF**
**(Violations of the Fair Labor Standards Act)**

45. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

46. Plaintiff SCOTT TITUS and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

47. Plaintiff SCOTT TITUS and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek and minimum wage for off-the-clock hours worked.

48. Defendant failed to compensate Plaintiff and all others similarly situated, their

entitled pay (including overtime pay) for those hours worked in excess of forty (40) per week and for off-the-clock work performed.

49. Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week. Defendant failed to Compensate Plaintiff for overtime hours worked both on and off the clock and failed to compensate Plaintiff and similarly situated employees at minimum wage for off-the-clock hours worked.

50. Defendant failed to keep or record accurate time records reflecting the hours employees, such as the Plaintiff and those similarly situated actually worked.

51. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

52. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week or for time worked off the clock.

53. Defendant failed to pay Plaintiff and similarly situated employees a per diem as required by 5 U.S. Code § 5702.

54. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime and off-the-clock compensation due to Plaintiff and to all others similarly situated.

55. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

56. Plaintiff and all others similarly situated further seek an additional equal amount

as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

**COLLECTIVE ACTION ALLEGATIONS**

57. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

58. Other employees have been victimized by the above referenced pattern, practice, and policy of Defendants in violation of the FLSA.

59. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

60. Other, similarly situated employees are being denied their lawful wages.

61. Accordingly, Defendants' pattern and practice of failing to pay overtime pay (at time and one-half) and failure to pay for off-the-clock work as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members' class.

62. Plaintiff SCOTT TITUS experiences are typical experiences of the putative class as it pertains to compensation.

63. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

64. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week and not paid for off-the-clock work performed, are similarly situated.

65. Although the issue of damages may be individual in character, there is no

9

detraction from the common nucleus of liability facts.

66. All current and former employees who worked as "Civil Designers" or "Structural Designers" who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime pay for hours worked in excess of forty (40) and not compensated for off-the-clock work in any given workweek are properly included as members of the class.

## SECOND CLAIM FOR RELIEF
**(Violations of 29 CFR 516)**

67. Defendants failed to maintain and keep proper records. Said conduct of Defendant is in violation of 29 Code of Federal Regulations Part 516. Specifically, Defendants failed to maintain accurate records reflecting the time and day of week when employee's workweek begins, the hours worked each day, total hours worked each workweek, the basis on which employees' wages are paid, regular hourly pay rate, total daily or weekly straight time earnings, and the total overtime earning for the workweek. Defendants also violated 29 CFR 516 by failing to maintain accurate payroll records for three years and failing to maintain records on which wage computations (i.e. time cards, work and time schedules, and records of hours worked) are based for two years. Defendants also failed to maintain a timekeeping mechanism or plan in violation of 29 CFR 516.

## THIRD CLAIM FOR RELIEF
**(Violations of 5 U.S. Code § 5702)**

68. At all times pertinent to this lawsuit, defendant failed to pay plaintiff and similarly situated a per diem as required by 5 U.S. Code § 5702. Plaintiffs seek payment for travel and lodging denied by Defendants.

## ATTORNEY'S FEES

69. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

70. Plaintiff SCOTT TITUS, and all other similarly situated employees of Defendant, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## JURY DEMAND

71. Plaintiff SCOTT TITUS, on behalf of himself and all other similarly situated employees make a formal demand for a jury trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff SCOTT TITUS and all other similarly situated employees of Defendants respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated employees of Defendant relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to pay Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period and failing to compensate them for off the clock hours worked;

b. Declare that Defendants have violated 5 U.S. Code § 5702 by failing to pay Plaintiff and similarly situated a per diem.

c. Enjoin Defendant from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;

d. Order Defendant to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the

11

relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

e. Order Defendants to pay Plaintiff and similarly situated the per diem thay should have been paid.

f. Order Defendants to pay Plaintiff damages for its unlawful retaliation.

g. Order Defendants to pay Plaintiff and all other similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and all other applicable laws.

h. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant.

i. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff SCOTT TITUS and to all other similarly situated employees of the Defendants.

Dated: February 20, 2017

Respectfully submitted,

THE FOLEY LAW FIRM
By: /s/ Taft L. Foley II
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com